1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIGHTON/SHAW, INC.,et.al., | ) | 1:06cv1136 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING |
| Plaintiffs, | ) | MOTION TO REMAND |
| | ) | |
| v. | ) | (Document 10) |
| | ) | |
| ROBERT CARSON,et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Craig Davis and Cindy Davis ("Davis Defendants") filed the instant motion to remand on September 19, 2006. The matter was heard on December 15, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. James Betts appeared on behalf of the Davis Defendants; David Holzworth appeared on behalf of defendants Michiko Morinaga and Kimiko Miyoshi Price ("Removing Defendants"); and Christopher Seymore appeared on behalf of plaintiffs Brighton/Shaw, Inc., Brighton Hill, Ltd and Shaw Academy Associates (collectively "Brighton Plaintiffs").

## **BACKGROUND**

This action for declaratory and injunctive relief was filed in the Fresno County Superior Court on July 13, 2006 by the Brighton Plaintiffs as well as twenty limited partners. The suit was filed against a number of defendants and seeks to resolve claims relating to the limited

1

1   partnership interests of two of the Brighton Plaintiff's limited partners:  Craig Davis and Robert

2   Carson.  Named as defendants are:

         1.      Craig Davis (California);

         2.      Carol Davis (California);

         3.      Robert Carson (California);

         4.      James Quiring (California); and

         5.      IQ Properties-BHLC, a California limited partnership (not yet

                served).

9       The complaint also names several individuals and/or business entities which are

10   domiciled in Japan:

         1.      Humitoshi/Fumitoshi Ito/Itoh (deceased);

         2.      Junko Oyama;

         3.      Michiko Morinaga;

         4.      Kimiko Miyoshi Price;

         5.      Shizuo Miyoshi (deceased);

         6.      Hiromichi Oyama; and

         7.      Japan Investment Management Agency (JIMA)

18       On August 25, 2006, the Removing Defendants (the only Japanese defendants that have

19   been served) filed a Notice of Removal.  Morinaga is a citizen of Japan and Price is a Japanese

20   national residing in Hawaii.  Removing Defendants argue that Hiromichi Oyama and Junko

21   Oyama have been improperly named in this suit as they are not heirs or successors of Fumitoshi

22   Ito.  Naoko Ito, Toshie Ito and Takafumi Ito (not named in this suit), citizens of Japan, are the

23   heirs and successors of Fumitoshi Ito and are plaintiffs in a related action pending in this court,

24   06 CV 1135 AWI DLB.

25       This case and the related case arise from a dispute over the rightful owners of 12 limited

26   partnership units in a real estate development partnership that was first purchased by Fumitoshi

27   Ito and Shizuo Miyoshi, now deceased.

28

1   The Removing Defendants contend that complete diversity exists between themselves on

2   the one hand, and the Brighton Plaintiffs and adverse defendants Robert Carson, Craig Davis,

3   Cindy Davis and John Quiring on the other, once the parties are properly aligned.[1]  Removing

4   Defendants argue that while plaintiffs filed this case styled as a declaratory judgment action, they

5   averred that they had no interest as to the rightful owners of the 12 disputed units, but sought

6   only to establish the identity of the rightful owners.  Removing Defendants therefore argue the

7   complaint has the characteristics of an interpleader action (except that funds were not deposited).

8   Removing Defendants argue the Brighton Plaintiffs are either unaligned or, to the extent the

9   partnership has not recognized the entitlement of the Removing Defendants, have interests

10  adverse to the Removing Defendants.  Removing Defendants argue the outcome of this case

11  hinges on a single legal determination: Whether an assignment by Quiring to Carson of the 12

12  limited partnership units held by IQ Properties for the benefit of its two limited partners,

13  Fumitoshi Ito and Shizuo Miyoshi, was valid and enforceable.  Removing Defendants argue that

14  if the assignment was valid, Carson and the Davis Defendants are the owners.  If the assignment

15  was not legally valid, the Ito Miyoshi Heirs are the owners.  Removing Defendants argue the

16  interests of the CDQ Defendants (Carson, Davis and Quiring) are completely adverse to the

17  Removing Defendants in that each claim ownership of the units and they disagree as to the

18  validity of the assignment of the units.  Removing Defendants argue the Brighton Plaintiffs and

19  CDQ Defendants should be realigned as plaintiffs based on their common interest in a

20  determination that the units were properly assigned to Carson and Davis.  Removing Defendants

21  contend that Brighton Plaintiffs and CDQ Defendants adverse interests on ancillary issues should

22  not be permitted to destroy complete diversity.

23   The Davis Defendants seek to remand this action, arguing that complete diversity does

24  not exist between plaintiffs and defendants and therefore the action should be remanded to state

25  court.  The Davis Defendants argue that Removing Defendants have mis-characterized this

26  lawsuit.  They represent that this is not the first lawsuit between Davis and the Brighton

27

28  [1]The Notice of Removal inadvertently omitted John Quiring as a named defendant.  Removing defendants
have lodged an errata.

3

1  Plaintiffs.  Davis Defendants argue that in claiming the local defendants are not properly aligned

2  as parties, Removing Defendants ignore the profound disputes that exist between the Brighton

3  Plaintiffs on the one hand and Carson, Davis, Quiring and IQ Properties on the other.  Davis

4  Defendants argue that Brighton Plaintiffs are not "neutral" on the issue of ownership.

5  Removing Defendants filed their opposition on October 31, 2006 and Davis Defendants

6  filed their reply on November 6, 2006.

7  **DISCUSSION**

8  28 U.S.C. Section 1332(a) provides for federal jurisdiction based on diversity of

9  citizenship:

10  **(a)** The district courts shall have original jurisdiction of all civil
actions where the matter in controversy exceeds the sum or value

11  of $75,000, exclusive of interest and costs, and is between--
**(1)** citizens of different States;

12  **(2)** citizens of a State and citizens or subjects of a foreign state;
**(3)** citizens of different States and in which citizens or subjects

13  of a foreign state are additional parties; and
**(4)** a foreign state, defined in section 1603(a) of this title, as

14  plaintiff and citizens of a State or of different States.
For the purposes of this section, section 1335, and section 1441, an

15  alien admitted to the United States for permanent residence shall
be deemed a citizen of the State in which such alien is domiciled.

16

17  A civil action originally filed in a State court which could have been commenced in

18  federal court based on diversity jurisdiction may be removed from state court to U.S. District

19  Court on this ground.  28 U.S.C. § 1441(b).

20  After removal, the plaintiff may challenge the allegations of the removal notice.  The

21  burden is on defendant to prove the existence of jurisdictional facts (complete diversity, etc.)

22  *Gaus v. Miles* , 980 F.2d 564, 566 (9th Cir. 1992).  As with original diversity jurisdiction, in

23  determining whether diversity exists in cases removed from state court, the federal court has the

24  power to align the parties according to their real interests. *Smith v. Salish Kootenai College*, 434

25  F.3d 1127, 1133 (9th Cir. 2006).  The alignment in the complaint is not controlling.  The issue of

26  alignment for purposes of diversity jurisdiction requires a court to "look beyond the pleadings" to

27  the actual interests of the parties respecting the subject matter of the lawsuit. *City if Indianapolis*

28  *v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

1    _____Realignment of the parties as urged by the Removing Defendants is not warranted in this

2    case.  It is clear from the complaint that the Brighton Plaintiffs are not taking a neutral position in

3    this lawsuit.  While the validity of the assignment from IQ Properties is certainly a significant

4    issue, resolution of this question does not resolve the multiple disputes between the parties.  The

5    allegations in the complaint are not neutral and it is clear to the Court that the Brighton Plaintiffs

6    are adverse to the named defendants.  Indeed, plaintiffs allege:

7              Plaintiffs are informed and believe and thereon allege that the
               attempted purchase of the twelve BRIGHTON HILLS' partnership
8              units held and owned by IQ PROPERTIES by CARSON and the
               subsequent attempt to transfer from CARSON to DAVIS of seven
9              of those twelve units under the terms set forth in the declaration
               was void as will be discussed herein.

10   The Brighton Plaintiffs' complaint lists twenty-two (22) separate paragraphs which detail

11   the broad range of declaratory relief requested and the prayer includes a claim for indemnity and

12   seeks an injunction against Carson and Davis.  Additionally, Mr. Davis asserts that the general

13   partner (Brighton/Shaw) has breached its fiduciary duties by instigating this controversy in the

14   first place and by suing its own limited partners in an effort to force concessions relating to

15   Carson and Davis' ownership interests.

16   This case is unlike *Eikle v. States Marine Lines, Inc.*, 473 F.2d 959, cited by Removing

17   Defendants, where the court determined that the appropriate way to characterize the lawsuit for

18   purposes of diversity jurisdiction was as a suit by a law firm against a client for attorneys' fees.

19   When Goller (the attorney) was injected into the lawsuit, his status could only be as a plaintiff as

20   his interests were aligned with his partner and adverse to the client defendant.  Here, plaintiffs'

21   interests are very much adverse to the Davis Defendants and while each seeks resolution of the

22   title to partnership interests, their interests are not aligned.

23   The Removing Defendants sought removal of this case exclusively upon the diversity of

24   the parties.  Complete diversity does not exist between the Brighton Plaintiffs and the Davis

25   Defendants.  While Removing Defendants seek to avoid this lack of diversity by claiming that

26   these defendants are not properly aligned, the Court disagrees.  Based on the allegations in the

27

28

1   complaint and the matters in actual controversy, the parties are properly aligned and complete

2   diversity does not exist.

3        Based on the foregoing, Defendant's motion to remand is HEREBY GRANTED and the

4   court HEREBY ORDERS this case REMANDED to the Fresno County Superior Court.

5   IT IS SO ORDERED.

6

7      IT IS SO ORDERED.

8      **Dated:**   **February 6, 2007**                **/s/ Dennis L. Beck**
    3b142a                               UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28